UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| JUDE ESEANOBI | ) | |
| 401 Massachusetts Avenue N.W. Apt. 1014 | ) | Civil Docket No.: 18-1353 |
| Washington, DC 20001 | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SARAH TAYLOR, District Director | ) | |
| Washington, DC Field Office | ) | |
| U.S. Citizenship and Immigration Services | ) | |
| 2675 Prosperity Avenue | ) | |
| Fairfax, VA 22031 | ) | |
| | ) | |
| L. FRANCIS CISSNA, Director | ) | **COMPLAINT FOR** |
| U.S. Citizenship and Immigration Services | ) | **MANDAMUS AND** |
| 20 Massachusetts Avenue, N.W. | ) | **DECLARATORY** |
| Washington, DC 20529 | ) | **JUDGMENT** |
| | ) | |
| KIRSTJEN NIELSEN, Secretary | ) | |
| U.S. Department of Homeland Security | ) | |
| 245 Murray Lane, SW | ) | |
| Washington, DC 20528-0075 | ) | |
| | ) | |
| CHRISTOPHER WRAY, Director | ) | |
| Federal Bureau of Investigation | ) | |
| J. Edgar Hoover Building | ) | |
| 935 Pennsylvania Avenue N.W. | ) | |
| Washington, DC 20530 | ) | |
| | ) | |
| JEFFERSON B. SESSIONS III, Attorney General | ) | |
| U.S. Department of Justice | ) | |
| 950 Pennsylvania Avenue, N.W. | ) | |
| Washington, DC 20530 | ) | |
| | ) | |
|     Defendants | ) | |

_____)

## COMPLAINT FOR MANDAMUS AND DECLARATORY JUDGMENT

Plaintiff, JUDE ESEANOBI, through undersigned counsel, complains of the Defendants, SARAH TAYLOR, District Director, Washington, DC Field Office, U.S. Citizenship and Immigration Services; L. FRANCIS CISSNA, Director, U.S. Citizenship and Immigration Services; KIRSTJEN NIELSEN, Secretary, U.S. Department of Homeland Security; CHRISTOPHER WRAY, Director, Federal Bureau of Investigation, and JEFFERSON B. SESSIONS III, Attorney General, U.S. Department of Justice, as follows:

## I.   PREFATORY STATEMENT

1. This is an action to compel the Defendants and those acting under them to take all appropriate action immediately and issue a decision on the Petition to Remove Conditions on Residence, Form I-751 ("I-751 Petition"), which was filed by the Plaintiff, Mr. Jude Eseanobi, with his U.S. citizen wife, Ms. Charity Wise, and received by the Defendant, U.S. Citizenship and Immigration Services ("USCIS") on March 28, 2014. Mr. Eseanobi and his wife have complied with requests for evidence and in-person interviews, and yet Mr. Eseanobi's I-751 Petition remains within the jurisdiction of the Defendants, who have improperly withheld action on the petition to the detriment of the rights and privileges of the Plaintiff.

2. Pursuant to Immigration and Nationality Act ("INA") § 216, alien spouses who obtain lawful resident status by virtue of a marriage which was entered into less than 24 months before the status was granted are considered conditional residents.  In order to obtain permanent residence and remain lawfully in the United States, conditional residents must file a Form I-751, Petition to Remove Conditions on Residence, in the 90-day period before the second anniversary of the alien's grant of conditional residence.  *See* INA § 216(d)(2).

2

Late petitions may be considered if the alien establishes good cause and extenuating circumstances. *Id.* The purpose of the Petition to Remove Conditions on Residence is to demonstrate to the Department of Homeland Security that the marriage that formed the basis of the alien's conditional residence remains legally valid and that it was entered into in good faith and not to procure an immigration benefit. *See* INA § 216.

3.  Pursuant to the Immigration and Nationality Act and the Code of Federal Regulations, USCIS has 90 days to issue a decision on a Petition to Remove Conditions on Residence following an interview. *See* INA § 216(c)(3)(A); 8 C.F.R. § 216.4(c).    Plaintiff was interviewed on May 1, 2015 and should have received a decision by July 30, 2015.  Plaintiff has been waiting over two and a half years past the regulatory deadline for a USCIS decision on his I-751 Petition.  This delay is unreasonable.  Plaintiff respectfully requests that this Court compel Defendants to perform their mandatory duty and adjudicate Plaintiff's long-pending I-751 Petition without further unreasonable delay.

## II.    JURISDICTION

3.  This is a civil action brought pursuant to 28 USC § 1331 (federal question jurisdiction), and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty), to redress the deprivation of rights, privileges, and immunities secured to the Plaintiff, by which statutes jurisdiction is conferred, to compel the Defendants to perform a duty that the Defendants owe to the Plaintiff.  Jurisdiction is further conferred by 5 U.S.C. §§ 555(b) and 702, the Administrative Procedures Act ("APA").

4.  Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  The Immigration and Nationality

Act and the Code of Federal Regulations makes it clear that USCIS has a mandatory and affirmative duty to adjudicate Form I-751, Petition to Remove Conditions on Residence, within 90 days of the date of the interview.   *See* INA § 216(c)(3)(A); 8 C.F.R. § 216.4(c).

5.   Section 242 of the INA, 8 U.S.C. § 1252, does not deprive this Court of jurisdiction.  INA § 242(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action…the authority for which is specified…to be in the discretion of the Attorney General or the Secretary of Homeland Security."  Because the adjudication of a Form I-751, Petition to Remove Conditions on Residence, is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim.  *See Kashkool v. Chertoff*, 553 F. Supp. 2d 1131, 1136 (D. Ariz. 2008) ("Numerous district courts…which have addressed this specific issue overwhelmingly conclude that…the pace at which USCIS processes applications is nondiscretionary and that [8 U.S.C. 242(a)(2)(B)(ii)] does not bar judicial review."); *Liu v. Novak*, 509 F. Supp. 2d 1, 4-7 (D.D.C. 2007).  Through this complaint, the Plaintiff is not challenging a decision on his I-751 Petition, as no decision has yet been made.  Rather, the Plaintiff seeks an order compelling the Defendants to take action, by adjudicating the Plaintiff's I-751 Petition.  The relief sought is not discretionary but is, by definition, a mandatory duty.  *See  In re Sealed Case No. 98-3077,* 151 F.3d 1059, 1063 (D.C. Cir. 1998); *see also In re First Fed. Sav. and Loan Ass'n of Durham v. Baker,* 860 F.2d 135, 138 (4th Cir. 1988).

6. The APA also requires USCIS to carry out its duties within a reasonable time.  5 U.S.C. § 555(b) (providing that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.").  If the agency fails to render a decision within a reasonable time, the Court has power under 5 U.S.C. § 706(1) to compel the agency to do so.  5 U.S.C. § 706(1) (conferring power on the U.S. District Courts to compel agencies to perform "action unlawfully withheld or unreasonably delayed").  As set forth below, a delay of over 2 and a half years *past* the statutory deadline is unreasonable.

7. Finally, this Court has jurisdiction over the present action pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act, to declare the Defendants' failure to act on the Plaintiff's I-751 Petition to be arbitrary and capricious, unconstitutional, and a violation of the INA, the federal regulations, and the APA.  *See Accardi v. Shaughnessy,* 347 U.S. 260 (1954); *Peoples v. U.S. Dep't of Agric.*, 427 F.2d 561, 565 (D.C. Cir. 1970).  *See also* 5 U.S.C. § 555(b).

## III.     VENUE

8. Venue is proper in this district under 28 U.S.C. § 1391(e) because this is an action brought in the district where the Plaintiff resides and no real property is involved in the action.

## IV.     PARTIES

9. Plaintiff, JUDE ESEANOBI, is a conditional resident of the United States and a citizen of Nigeria.  He has filed a Form I-751, Petition to Remove Conditions on Residence, jointly with his U.S. citizen wife, Charity Wise.  This petition remains pending before USCIS.

10. The Defendant SARAH TAYLOR is Director of the USCIS Washington, DC Field Office. The suit is brought against Director Taylor in her official capacity, as she is charged with

overseeing the adjudication of I-751 Petitions that are transferred within her office's jurisdiction.

11. The Defendant L. FRANCIS CISSNA is the Director of USCIS. This suit is brought against Director Cissna in his official capacity, as USCIS is the component of the Department of Homeland Security ("DHS") responsible for adjudicating I-751 Petitions.

12. The Defendant KIRSTJEN NIELSEN is the Secretary of Homeland Security. This suit is brought against Secretary Nielsen in her official capacity, as she is charged with overseeing the actions of DHS, including its adjudication of I-751 petitions.

13. The Defendant CHRISTOPHER WRAY is the Director of the Federal Bureau of Investigations. This suit is brought against Director Wray in his official capacity, because as a matter of policy, he is responsible for performing background and security checks for certain applicants for immigration benefits.

14. The Defendant JEFFERSON B. SESSIONS III is the United States Attorney General. This suit is brought against Attorney General Sessions in his official capacity, as he has responsibility for the administration and enforcement of the immigration laws.

### V.     FACTS AND PROCEDURAL HISTORY

15. The Plaintiff, Jude Eseanobi, is a conditional resident of the United States and a citizen of Nigeria. Mr. Eseanobi has resided in the United States since 2001, after initially entering on a student visa to complete his Bachelor of Science in Electrical Engineering at the University of Houston. Mr. Eseanobi graduated in 2006 and began working as a product engineer for Motorola. In 2008, Mr. Eseanobi moved to Maryland to work for a start-up technology company called Internet Communications. The following year, Mr. Eseanobi

met his wife, Charity Wise, who is a U.S. citizen.  The couple married on June 5, 2010 in Silver Spring, Maryland.

16. Ms. Wise sponsored Mr. Eseanobi for U.S. residence, and USCIS approved Mr. Eseanobi's application on November 21, 2011.  As the couple had been married for less than 24 months, USCIS granted Mr. Eseanobi *conditional residence* with a resident card valid for 2 years.

17. On March 28, 2014, Mr. Eseanobi and Ms. Wise jointly filed a Form I-751 Petition to Remove Conditions on Residence along with updated documentation to establish that they continued to be legally married and their marriage was entered in good faith.  This petition was filed late, with an affidavit from Mr. Eseanobi and documentation explaining the extenuating circumstances that contributed to the delay.  USCIS accepted Mr. Eseanobi's I-751 Petition and issued a receipt notice extending his conditional residence for one year.

18. On August 20, 2014, USCIS issued a Request for Evidence, requesting additional evidence regarding Mr. Eseanobi and Ms. Wise's marriage.  On November 14, 2014, Mr. Eseanobi and Ms. Wise timely filed additional marital evidence.  USCIS scheduled an interview for the couple's I-751 Petition on May 1, 2015 at the USCIS Washington District Office in Fairfax, Virginia, which both Mr. Eseanobi and Ms. Wise attended.

19. Over 90 days passed with no decision from USCIS.  Mr. Eseanobi followed up on his case numerous times with USCIS in the following year, to no avail.  After several fruitless calls to the USCIS customer service line, Mr. Eseanobi attended in-person "Infopass" appointments at USCIS Washington District Office on October 1, 2015 and November 12, 2015.  USCIS did not offer any substantive information or timeline for a decision on Mr. Eseanobi's I-751 Petition.

20. On January 14, 2016, Mr. Eseanobi, filed a request for case assistance with the USCIS Ombudsman's Office, an independent and impartial office that attempts to resolve problems with pending USCIS cases.  On March 21, 2016, the USCIS Ombudsman's Office confirmed that they contacted USCIS regarding Mr. Eseanobi's case, and that it could take 60 days to receive a response.  On March 29, 2016, the USCIS Ombudsman's Office stated that USCIS was unable to provide a specific time frame for resolution of Mr. Eseanobi's I-751 Petition.

21. After another six months with no action on the I-751 Petition, Mr. Eseanobi received a notice from USCIS for a second interview on October 27, 2016.  At the interview, the USCIS officer informed Mr. Eseanobi and Ms. Wise that the interview had been scheduled in error.  The officer informed Mr. Eseanobi and Ms. Wise that USCIS issued a Notice of Intent to Deny ("NOID") with respect to the couple's jointly-filed I-751 Petition.  USCIS sent the NOID to incorrect addresses for both Mr. Eseanobi and his counsel, in spite of the fact that correct addresses were on file for both.  The USCIS officer crossed out the date on the NOID and date-stamped the NOID for October 27, 2016.  USCIS provided Mr. Eseanobi 33 days to respond to the NOID and address USCIS' concerns in his case in writing.

22. Mr. Eseanobi timely filed his response to the NOID on November 23, 2016.  Since this date, USCIS has failed to issue a decision on Mr. Eseanobi's jointly-filed I-751 Petition. Mr. Eseanobi attended in-person Infopass appointments in July and September 2017.  In September 2017, Mr. Eseanobi asked when he could expect a decision, and the officer told him that his case was on "indefinite review."

23. Despite his numerous inquiries over multiple years, as of the date of this filing, USCIS has failed to timely adjudicate Mr. Eseanobi's I-751 Petition.

## VI.    CAUSE OF ACTION

23. USCIS shall make a determination, within 90 days of the date of the interview, as to whether to approve the Form I-751 Petition to Remove Conditions on Residence, and thereby remove the conditions on the foreign national spouse's permanent resident status, or to deny the petition and terminate the foreign national's permanent resident status. *See* INA § 216(c)(3)(A); 8 C.F.R. § 216.4(c).

24. USCIS shall approve I-751 Petitions if the following facts and information are determined to be true: (1) the marriage was entered into in accordance with the laws of the place where the marriage took place; (2) the marriage has not been judicially annulled or terminated, other than through the death of a spouse; (3) the marriage was not entered into for the purpose of procuring an alien's admission as an immigrant; and (4) no fee or other consideration was given (other than a fee or other consideration to an attorney for assistance in preparation of a lawful petition) for the filing of the I-751 Petition. *See* INA § 216(d)(1); 8 C.F.R. 216.4(c).  If USCIS determines that these facts are not true, then USCIS shall notify the parties involved and terminate the permanent resident status of the foreign national. *See* INA §§ 216(c)(3)(A), (d)(1); 8 C.F.R. § 216.4(d).

25. Adjudication of the Form I-751 Petition to Remove Conditions on Residence is a purely ministerial, non-discretionary act for which USCIS has exclusive authority and responsibility. *See* INA § 216; 8 C.F.R. § 216.4.

26. Mr. Eseanobi's I-751 Petition has now been pending for *over four years* and is well outside of reasonable processing times.  Importantly, while USCIS is statutorily obligated to issue a decision on an I-751 Petition within 90 days of the couple's USCIS interview, USCIS has failed to issue a decision within *three years* of Mr. Eseanobi's interview on May 1, 2015.  *See* INA § 216(c)(3)(A); 8 C.F.R. § 216.4(c).

27. Mr. Eseanobi's professional and personal life have been in limbo for four years, as his resident status in the United States is uncertain.  He cannot grow his U.S. business, travel for work or family with peace of mind, or make critical life decisions due to the uncertainty of his immigration status. In spite of the fact that Mr. Eseanobi has been a conditional resident for nearly 7 years, he cannot naturalize and become a U.S. citizen until his I-751 Petition is favorably adjudicated.

28. The approval or denial of the I-751 Petition is the responsibility of USCIS under the INA and federal regulations.  *See* INA § 216(d)(1); 8 C.F.R. § 216.4.  Through this complaint, the Plaintiff is not challenging the decision on his I-751 Petition; he complains only that USCIS has failed to render *any* decision.  He thus seeks to compel the Defendants by issuing a decision on his I-751 Petition without further delay.  The relief sought is not discretionary, and is by definition a mandatory duty.  *Id.*

29. As all administrative remedies have now been exhausted, and the Plaintiff is suffering continuing harm from the delay, there exists no other adequate remedy than the filing of this complaint.  Accordingly, the Plaintiff requests that this Court assume jurisdiction and compel the Defendants to issue a decision on his I-751 Petition without further delay.

## VII.    <u>CLAIMS</u>

30. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the Defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available.  *Iddir v. I.N.S.*, 301 F.3d 492, at 499; *see also Liberty Fund, Inc. v.  Chao*, 394 F. Supp. 2d 105, 113 (D.D.C. 2005).  The plaintiff meets these criteria.

31. First, the Plaintiff has a clear right to the relief requested, as he has complied with the statutory and regulatory requirements for removing the conditions on residence, including the joint submission of the I-751 Petition with his U.S. citizen spouse and payment of required fees.  The Defendants have willfully and unreasonably failed to process or adjudicate the Plaintiff's I-751 Petition for over four years and counting, thereby depriving the Plaintiff of his rights to an adjudication of his petition to remove the conditions on his residence in a timely fashion.

32. Second, the Defendants have a clear duty to act upon and adjudicate the Plaintiff's I-751 Petition, and they have unreasonably failed to perform that duty.  That duty is owed under the INA and the federal regulations, as well as by the fact that in charging a filing fee, Defendant USCIS has created for itself an obligation to process and adjudicate the petition.  *See* INA § 286(m); 8 C.F.R. § 103.7(b)(1); 76 Fed. Reg. 53764 (Aug. 29, 2011); *Iddir*, 301 F.3d at 500; *see also Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561-62 (1992) ("When the suit is one challenging the legality of government action or inaction, [and] the plaintiff is himself an object of the action (or foregone action) at issue,…there is ordinarily little question that the action or inaction has caused him injury, and that a judgment preventing or requiring the action will redress it."); *Singh v. Still*, 470 F. Supp. 2d 1064, 1067 (N.D.

Cal. 2007) (noting that regulations reflect a non-discretionary duty to process applications for immigration benefits).  The Plaintiff has no alternative means to obtain adjudication of his I-751 Petition, and thus his right to issuance of the writ is "clear and indisputable." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980); *see also Lujan*, 504 U.S. at 561-62.

33. The duty to adjudicate the Plaintiff's I-751 application is mandatory, and is not within the Defendants' discretion, as by statute and regulation the adjudication of the I-751 Petition is a purely ministerial, non-discretionary act, which the Defendants are under obligation to perform in a timely manner.  *See* INA § 216(d)(1); 8 C.F.R. § 216.4.  USCIS has a statutory deadline of 90 days from the date of the interview to make a determination on the applicant's I-751 Petition. *See* INA § 216(c)(3)(A).  The Defendants have failed to perform their duty.

34. Third, this Court should compel the Defendants to adjudicate the Plaintiff's long-pending I-751 Petition, because no other adequate remedy is available to the Plaintiff.  The Defendants have inexplicably and unreasonably failed to perform their clear duty to act by issuing a decision on Plaintiff's petition.  Despite the Plaintiff's submission of all necessary documentation, payment of required fees, timely response to USCIS's request for additional evidence, appearance at two scheduled interviews, and numerous inquiries made through multiple channels, the Plaintiff's I-751 Petition remains pending.  The Plaintiff has exhausted all possible administrative remedies.  Mandamus action is appropriate.

35. Mandamus action is also appropriate because the Defendants have failed to act within a reasonable period of time.  *See, e.g. Liu*, 509 F. Supp. 2d at 8-9 (holding that the APA requires the government to act within a reasonable period of time); *Saleem v. Keisler*, 520

12

F. Supp. 2d 1048, 1055 (W.D. Wis. 2007) (same). Were such relief not available, the Defendants could hold applications for critical immigration benefits in abeyance for decades without providing any reasoned basis for doing so. Such an outcome defies logic - the Defendants simply do not possess the unfettered discretion to relegate noncitizens to a state of "limbo, leaving them to languish there indefinitely." *Kim v. Ashcroft*, 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004); *see also Am. Acad. of Religion v. Chertoff*, 463 F. Supp. 2d 400 (S.D.N.Y. 2006).

36. Generally, in determining what is "unreasonable," courts may look to a variety of factors, including any Congressional guidance on what it considers to be reasonable, internal operating procedures established by the agency, processing times in similar cases, the source of the delay, and the facts of a particular case. *See TRAC v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984). A court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." *Saleem*, 520 F. Supp. 2d at 1058-59. The delay in adjudicating the Plaintiff's I-751 extends significantly beyond Congress's mandate of adjudication within 90 days of the USCIS interview. As it has now been over 3 years since Plaintiff's USCIS interview, USCIS has unreasonably delayed the adjudication of Plaintiff's I-751 Petition.

37. As the Defendants have failed to carry out their mandatory duty to adjudicate the Plaintiff's pending I-751 Petition, and have unreasonably delayed action for over 3 years since his USCIS interview, and as the Plaintiff has exhausted all administrative remedies, this Court should compel the Defendants to take action on the Plaintiff's I-751 Petition without further unreasonable delay.

38. Furthermore, the Defendants' delay is arbitrary and capricious and an unconstitutional violation of the Plaintiff's right to due process under the Fifth Amendment. *See* 5 U.S.C. §706(2) ("[The reviewing court shall] "hold unlawful and set aside agency action" [found to be] "arbitrary, capricious or an abuse of discretion, or otherwise not in accordance with the law."); *cf. Accardi*, 347 U.S. at 268 (noting that unreasonable delay claims may implicate due process because the failure to act is an unlawful means of denying an application that is otherwise approvable).

39. Finally, the Defendants' delay is without justification and has forced the Plaintiff to resort to this Court for relief, and the Plaintiff is entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").  28 U.S.C. § 2412(d)(2).

## VIII.  <u>PRAYER</u>

WHEREFORE, the Plaintiff prays this Court:

1. Compel the Defendants and those acting under them to perform their duty to adjudicate the Plaintiff's I-751 Petition without further delay;

2. Enter a declaratory judgment that the Defendants' unreasonable delay violates the U.S. Constitution, the INA, the federal regulations, the APA, and that such delay is arbitrary and capricious;

3. Grant attorney's fees and costs of Court to Plaintiff under the Equal Access to Justice Act; and

4. Grant such other and further relief as this Court deems proper under the circumstances.

Respectfully submitted this 6th day of June, 2018,


*By Counsel,_____ /s/  Margaret B. Hobbins*


Margaret B. Hobbins
D.C. Bar No. 996027
GROSSMAN LAW LLC
4922 Fairmont Avenue
Bethesda, MD 20814
T: (240) 403-0913
F: (240) 630-8948
E: meg@grossmanlawllc.com

*Counsel for Plaintiff*

15